UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:12-cr-120-T-33MAP

COQUETTE APRIL FROST
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Coquette April Frost's Construed Motion to Reduce Sentence (Doc. # 53), which was filed on June 23, 2017. The Government filed a Response in Opposition to the Motion on July 6, 2017. (Doc. # 54). The Court denies the Motion for the reasons that follow.

**I.  Background**

On September 18, 2012, Defendant entered into a Plea Agreement in which she pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 28). This Court accepted her guilty plea on September 19, 2012. (Doc. # 35). On December 6, 2012, the Court sentenced Defendant to 188 months' imprisonment based on her qualification for the sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) and United States Sentencing Guideline § 4B1.4. (Doc. # 37). Defendant did not file an appeal and her conviction and sentence are now

final. See Fed. R. App. P. 4(b)(1)(A)(I); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999)(judgment of conviction becomes final when time for filing a direct appeal expires).

On March 16, 2015, Defendant filed a one page document, which the Court construed as a Motion requesting a sentence reduction predicated upon Amendment 782. (Doc. # 38). The Court denied her Motion on October 27, 2016, after finding that Defendant was not eligible for a sentence reduction. (Doc. # 48). Defendant also filed an unsuccessful 2255 Motion. (Doc. # 40). In denying the 2255 Motion, the Court explained that Defendant's "claims are untimely, defaulted, not cognizable, and without merit." (Doc. # 49).

At this juncture, Defendant has again requested a sentence reduction, this time referencing United States v. Dean, 810 F.3d 521 (8th Cir. 2015), *rev'd*, Dean v. United States, 137 S. Ct. 1170 (2017), and United States v. Tanksley, 848 F.3d 347(5th Cir. 2017). (Doc. # 53). In addition to mentioning the aforementioned cases, Defendant also references her completion of educational programs during incarceration. As explained below, the Court finds it necessary to deny her request for a sentence reduction based on lack of jurisdiction.

## II. Discussion

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment. See 18 U.S.C. § 3582(b). A district court has jurisdiction to consider a defendant's motion to modify such a final judgment only in limited circumstances, which follow: (1) a motion to reduce sentence under 18 U.S.C. 3582(c), either pursuant to a motion by the Bureau of Prisons to reduce sentence or a subsequently reduced U.S. Sentencing Guideline; (2) a motion pursuant to Federal Rule of Criminal Procedure 35; (3) an appeal of a sentence outside the applicable U.S. Sentencing Guidelines range, pursuant to 18 U.S.C. § 3742; or (4) a motion pursuant to 28 U.S.C. § 2255. See 18 U.S.C. § 3582(b) (setting forth the exceptions to the finality of judgments).

Defendant's present Motion does not allege that any of these circumstances apply. Specifically, concerning the first circumstance, Defendant fails to allege that the Bureau of Prisons has moved to reduce her sentence or that an applicable U.S. Sentencing Guideline has been reduced. Next, Defendant has filed her Motion well outside of the applicable 14 day correction period following imposition of her sentence. And, her Motion does not mention any basis for relief under Rule 35 based on providing substantial assistance in the prosecution

3

of others.

Furthermore, Defendant did not style her motion as a 2255 Motion. Defendant has not argued that her sentence violated the United States Constitution or laws of the United States; that it was imposed without jurisdiction, or that it exceeded the maximum sentence authorized by law. Defendant filed a previous 2255 Motion, which was duly denied. Even if the Court were to construe the present Motion as a 2255, it would be denied because she failed to obtain the required permission from the Eleventh Circuit to file the Motion. In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013)("The bar on second or successive [Section 2255] motions is jurisdictional . . .").

Finally, the two cases that Defendant refers to do no support the proposition that Defendant is entitled to any relief. In Dean, a Hobbs Act, robbery, carjacking, possession of a firearm by a felon, and interstate transportation of a stolen vehicle case, the Eighth Circuit held that there was sufficient evidence and that the sentences the district court imposed were procedurally and substantively reasonable. 810 F.3d 521. The United States Supreme Court reversed and remanded holding that, in fashioning an appropriate sentence on counts not carrying a mandatory minimum sentence, the district court had discretion to consider mandatory minimum

sentences it was required to impose on other counts. 137 S. Ct. 1178. Plainly, Dean is inapplicable because this Court only sentenced Defendant on a single count.

Tanksley is also inapplicable. There, the Fifth Circuit held a Texas offense - possession with intent to deliver a controlled substance - did not qualify as a controlled substance offense under the career offender Guideline, U.S.S.G. § 4B1.1. 848 F.3d at 352. In citing Tanksley, Defendant may be asserting that her qualification as an Armed Career Criminal is unsettled. However, Tanksley discusses a different state's drug statute and is not available to provide relief to Defendant.

In closing, the Court finds that it is without jurisdiction to reduce Defendant's sentence. While the Court commends Defendant for her personal growth, including obtaining her GED, the Court is not in a position to reduce Defendant's sentence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Coquette April Frost's Construed Motion to Reduce Sentence (Doc. # 53) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE