UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 8:12-cr-120-VMC-SPF

COQUETTE APRIL FROST

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Coquette April Frost's pro se construed Motion to Reduce Sentence (Doc. # 60), filed on February 28, 2021. The United States of America responded on March 25, 2021. (Doc. # 63). For the reasons set forth below, the Motion is denied.

**I.   Background**

In December 2012, the Court sentenced Frost to 188 months' imprisonment for being a felon in possession of a firearm. (Doc. # 37). Frost is thirty-six years old and is projected to be released from FCI Aliceville on June 4, 2026. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last viewed Apr. 23, 2021).

In the construed Motion, Frost requests an eight-month reduction of her sentence. (Doc. # 60 at 1). Although Frost provides no legal reason for a reduction in sentence, she

1

describes her desire to be reunited with her family – namely her sixteen-year-old son – and her rehabilitation efforts. (Id. at 1-2). The United States has responded (Doc. # 63), and the Motion is now ripe for review.

## II. Discussion

The United States argues that the Motion should be denied on the merits because the "Court has no jurisdiction to modify its judgment without any legal mechanism, which [Frost] does not provide." (Doc. # 63 at 1). The Court agrees.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that arguably applies to Frost is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence on the defendant's motion where "extraordinary and compelling reasons warrant such a

reduction" and the defendant has exhausted her administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for a reduction in sentence, including but not limited to: (1) a terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1).[1] Frost bears the burden of establishing that a reduction is warranted. See United States v. Heromin, No.

---

[1] The Court is aware that it is not limited to the extraordinary and compelling reasons outlined in USSG § 1B1.13. See, e.g., United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020)("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release. Until the Sentencing Commission updates [Section] 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a [Section] 3582(c)(1)(A) motion."); United States v. Barsoum, No. 8:11-cr-548-VMC-CPT, 2020 WL 3402341, at *2 (M.D. Fla. June 19, 2020)("Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently determine whether Barsoum's circumstances are extraordinary and compelling."). Nevertheless, the Court considers the examples of extraordinary and compelling circumstances listed in the guideline helpful to the Court's analysis of whether Frost's circumstances warrant a reduction in sentence.

3

8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Even assuming that Frost has exhausted her administrative remedies, her circumstances are not extraordinary and compelling. Frost has not shown – let alone alleged – that she has a terminal illness, serious medical condition that substantially diminishes her ability to provide self-care, or the death of her minor child's caregiver. Although commendable, neither her desire to reunite with her family nor her rehabilitation efforts constitute extraordinary and compelling circumstances. See United States v. Smithey, No. 4:13-CR-043-02-HLM-WEJ, 2016 WL 9185405, at *2 (N.D. Ga. Dec. 30, 2016) ("[T]he Court has no authority to reduce Defendant's sentence based on her post-conviction rehabilitation efforts."). Therefore, the Court is without jurisdiction to reduce Frost's sentence by eight months, and the construed Motion is denied for that reason.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Coquette April Frost's pro se construed Motion to Reduce Sentence (Doc. # 60) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE